

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2008

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4916

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Smith" (2008). *2008 Decisions.* Paper 1113.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1113

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 06-4916/07-1178

———————

UNITED STATES OF AMERICA

v.

IVAN SMITH

Appellant

———————

On Appeal from the United States District Court
for the District of Delaware
(D. C. No. 04-cr-00011)
District Judge:  Hon. Kent A. Jordan

———————

Submitted under Third Circuit LAR 34.1 (a)
on January 18, 2008

Before:  SCIRICA, Chief Judge, BARRY and ROTH, Circuit Judges

(Opinion filed:  May 29, 2008 )

———————

O P I N I O N

———————

**ROTH,** Circuit Judge:

Ivan Smith appeals his judgment of conviction and sentence on one count of possession with intent to distribute more than 5 grams of a substance containing a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count I), one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count II), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count III). For the reasons stated below, we will affirm the judgment of the District Court.

## I. BACKGROUND

On December 2, 2003, at approximately 11:15 p.m., Detectives Taylor, Silva, Leary, and Pfaff of the Wilmington Police Department's Drug, Organized Crime and Vice Division, were riding in Detective Taylor's unmarked police car in a part of the city known to be a regular site of street-level drug trafficking. Detective Taylor and Detective Silva observed Smith and another man engaging in what appeared to be a hand-to-hand drug transaction. The four officers exited the vehicle and announced they were police. Smith fled and entered a nearby residence. Running after Smith, Detectives Taylor and Silva followed him inside the residence. Detective Taylor heard the residents screaming and yelling and saw Smith exit the rear of the residence by breaking through a closed screen door onto a deck overlooking the backyard. When Detective Taylor arrived on the deck, he observed Smith climb over a fence and run north.

2

Although Detective Taylor lost sight of Smith briefly as Smith continued to run north, he remained on the back deck and radioed Smith's movements to Detectives Leary and Pfaff. In response, Detective Leary ran to cut off any escape routes Smith might take and witnessed Smith run between two houses and stop near the porch of another. Detective Leary made eye contact with Smith and saw Smith discard into an open trash can a black glove, which was later found to contain a loaded firearm.

Between one and three minutes after Smith discarded the weapon, Detective Leary saw Smith emerge from the front of an alleyway. After being ordered to stop, Smith was immediately arrested by Detective Leary. Upon his arrest, a search of Smith's person uncovered a small digital scale with white powder residue on it and a razor knife. Then, Detective Leary conducted a "grid search," tracing the areas where Smith fled in order to look for additional evidence. At the rear of the alleyway, Detective Leary found a clear plastic bag on the ground which was later confirmed to contain 10.34 net grams of crack cocaine. At the police station, officers found in Smith's pockets several small pieces of an off-white chunky substance believed to be crack cocaine, $135 in bills, and three cellular phones.[1]

Smith was indicted on one count of possession with intent to distribute more than 5 grams of a substance containing a detectible amount of cocaine base, in violation of 21

---

[1] The officers sent these small pieces of off-white chunky substance to be chemically tested, but the amount of the substance was too small for testing to be completed.

U.S.C. §§ 841(a)(1), (b)(1)(B) (Count I), one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count II), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count III). Smith filed a motion to suppress evidence, which the District Court denied on January 30, 2006.[2] On August 15, 2006, the District Court granted the government's motion in limine seeking to introduce evidence which would demonstrate that Smith was involved as a seller in a hand-to-hand drug transaction prior to his arrest.

After a two-day jury trial on August 16-17, 2006, Smith was found guilty on all three counts.[3] On November 13, 2006, the District Court denied Smith's motion to dismiss the indictment. On November 27, 2006, Smith filed a *pro se* "Notice of Interlocutory Appeal," of the order denying the motion to dismiss. The District Court sentenced Smith to concurrent terms of 360 months imprisonment and 60 months of supervised release on Counts I and III, a consecutive term of 300 months imprisonment and 60 months supervised release on Count

---

[2] Although he was represented by appointed counsel throughout the case, on the first day of trial, Smith filed a *pro se* motion for reconsideration of the District Court's order denying his motion to suppress. The District Court denied the motion for reconsideration on March 16, 2006. On March 30, 2006, Smith filed a *pro se* "Notice of Appeal" regarding the District Court's order denying the motion for reconsideration. We dismissed that appeal for lack of jurisdiction by order dated August 18, 2006.

[3] Immediately before jury selection began, Smith informed the District Court that he wished to move to dismiss the indictment. The District Court briefly heard Smith's grounds for the motion to dismiss, but reserved decision and directed Smith to provide his motion and related arguments in writing. In addition to filing his *pro se* motion to dismiss on August 16, 2006, Smith filed a second motion to dismiss the indictment through counsel on August 24, 2006, and yet another one *pro se* on August 28, 2006.

II, and a $300 special assessment. Smith appealed. This appeal has been consolidated with Smith's *pro se* interlocutory appeal.

## II. <u>DISCUSSION</u>

On appeal, Smith contends that (1) the evidence adduced at trial was insufficient to support his convictions on Counts I and II or those convictions were against the weight of the evidence; (2) the District Court erred in denying his motion to suppress; (3) the District Court erred in granting the government's motion to introduce, in its case-in-chief, evidence of the alleged pre-arrest hand-to-hand drug transaction involving Smith; and (4) the District Court erred in denying his motion to dismiss the indictment. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to decide the appeal pursuant to 28 U.S.C. § 1291.[4]

### *A. Sufficiency of Evidence to Support Conviction*

Smith asserts that the evidence was insufficient to support convictions on Counts I (possession with intent to distribute) and II (carrying firearm during trafficking) or, alternatively, that such convictions were against the weight of the evidence because there was

---

[4]While we have jurisdiction over the appeal in Case No. 07-1178 (appeal from final judgment), we do not have jurisdiction over the appeal in Case No. 06-4916 (appeal from order denying the motion to dismiss the indictment) as that particular appeal is interlocutory and does not meet the exception under the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949); *see also United States v. Fisher*, 871 F.2d 444, 446-47, 452 (3d Cir. 1989). However, because Smith reiterated in his No. 07-1178 appeal a challenge to the District Court's denial of his motion to dismiss the indictment, we nevertheless have jurisdiction over such challenge.

insufficient evidence establishing that the crack cocaine found on the ground in the rear of the alleyway, approximately 35 feet from where Smith was arrested, was placed there by Smith. In reviewing a jury verdict for sufficiency of the evidence, we view the evidence in the light most favorable to the government, and will affirm a conviction if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Jenkins*, 90 F.3d 814, 817 (3d Cir. 1996).

Based on facts contained in the record, and viewed in the light most favorable to the government, we find there was more than sufficient evidence for a jury to find beyond a reasonable doubt that Smith possessed and intended to sell the crack cocaine which was found in the rear of the alleyway. Such evidence included (1) Detectives Taylor and Silva's expert testimony that the manner of the hand-to-hand transaction involving Smith was consistent with a drug transaction; (2) the location of the transaction was in an area known for a large amount of drug sales; (3) Detective Taylor's expert testimony that the items found on Smith's person were those that are typically used in the business of selling crack cocaine; (4) the desperate nature of Smith's flight from the officers into a home in which the occupants stated they did not know Smith; (5) Detective Taylor's expert testimony regarding the profit potential from the sale of 10.34 grams of crack cocaine; (6) Detectives Taylor and Leary's testimony that, after they began to pursue Smith, they saw no other non-law enforcement personnel in the area near where the drugs were found; and (7) Detective Leary's testimony that Smith had to have passed by the exact spot where the drugs were

found just seconds before his arrest. We conclude that these facts could lead a reasonable jury to believe that Smith was not only in possession of the bag of crack cocaine at issue but also had the intent to sell these drugs.

### B. Motion to Suppress Evidence

Smith contends that the District Court erred in denying his motion to suppress evidence of the firearm and bag of crack cocaine. Smith claims that not only did the officers lack probable cause to arrest Smith when he fled into the residence, but Detectives Taylor and Silva's warrantless entry into the residence was unlawful because he was an overnight guest with an expectation of privacy. Smith argues that the lack of probable cause and the warrantless entry tainted all evidence seized thereafter and such evidence must be suppressed pursuant to the "fruit of the poisonous tree" doctrine. "We review the district court's denial of [a] motion to suppress for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the court's properly found facts." *United States v. Lafferty*, 503 F.3d 293, 298 (3d Cir. 2007) (quoting *United States v. Givan*, 320 F.3d 452, 458 (3d Cir.2003)).

An individual claiming protection from unreasonable search and seizure under the Fourth Amendment must have capacity to do so. It is well recognized that an overnight guest does have a legitimate expectation of privacy in his host's home. *See Minnesota v. Olson*, 495 U.S. 91, 98 (1990); *see also United States v. Perez*, 280 F.3d 318, 337 (3d Cir. 2002).

As demonstrated by the facts in the record, we conclude that the District Court's denial of Smith's motion to suppress was proper. Because we find that it was not clearly erroneous for the District Court to conclude that Smith was not an overnight guest at the home, we agree that Smith has no capacity to claim Fourth Amendment protection from the officers' warrantless entry into that home. The District Court was entitled to credit testimony regarding the statements by the occupants that they did not know Smith, and a reasonable fact finder could conclude that Smith could not have been an overnight guest in light of these statements.

Furthermore, the record demonstrates that the officers had probable cause to arrest Smith. At the time the officers announced their presence and approached Smith, they had reasonable suspicion that he had committed a drug crime based on their observations and experience investigating illegal drug sales. In view of the entirety of the circumstances to which the officers testified, such reasonable suspicion warranted, at a minimum, a *Terry* stop. *See United States v. Yamba*, 506 F.3d 251, 255 (3d Cir. 2007) (discussing the contours of a permissible *Terry* stop) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). However, once Smith instantly fled into the residence after the officers announced their presence and approached him, the officers' reasonable suspicion undoubtedly transformed into probable cause to arrest him. *See United States v. McGlory*, 968 F.2d 309, 342 (3d Cir. 1992). Accordingly, we find that the District Court properly denied the motion to suppress.

8

## C. *Admissibility of Testimony Describing the Hand-To-Hand Drug Transaction Involving Smith*

Smith asserts that the District Court erred by allowing the government to introduce evidence of what the officers testified to be a hand-to-hand drug transaction prior to Smith's arrest. Smith claims that such evidence constitutes a prior bad act under Federal Rule of Evidence 404(b) and fails to meet the admissibility requirements under that rule. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Kellogg*, 510 F.3d 188, 197 (3d Cir. 2007).

We find that the District Court did not abuse its discretion in admitting evidence of the hand-to-hand drug transaction in which Smith was involved. In particular, we find that Rule 404(b) is not implicated, and the testimonial evidence was admissible because the evidence was intrinsic to the crimes charged, both credible and probative, and not unfairly prejudicial. *See United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002). The evidence of the prior hand-to-hand drug transaction tended to demonstrate that Smith possessed a controlled substance and had intent to distribute a controlled substance. Accordingly, we conclude that the District Court properly denied Smith's motion to exclude this evidence.

## D. *Motion to Dismiss Indictment*

Finally, Smith argues that the District Court erred in denying his motion to dismiss the indictment. Smith alleges that the indictment was founded upon materially false and improper evidence because, in obtaining the indictment, the government presented to the

grand jury the testimony of Agent Fyock of the United States Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) who was unfamiliar with the case. Specifically, Smith points to Agent Fyock's incorrect testimony that (1) Smith was involved in an additional hand-to-hand transaction prior to the hand-to-hand transaction involving Smith which Detectives Taylor and Silva observed while in the police car with Detectives Leary and Pfaff; (2) the drugs seized were found in a small glassine baggy, and (3) the drugs seized were found at a distance of three to six feet. Additionally, Smith alleges prosecutorial misconduct stemming from the prosecutor's failure to stop a colloquy between a grand juror and Agent Fyock in which the agent made reference to Smith's invocation of his right to remain silent in response to the grand juror's direct question. In reviewing a district court's denial of a defendant's motion to dismiss an indictment, "[w]e exercise plenary review over the district court's legal conclusions, and review any challenges to the court's factual findings for clear error." *United States v. Nolan-Cooper*, 155 F.3d 221, 229 (3d Cir. 1998).

It is well recognized that the remedy of dismissal of an indictment on grounds of prosecutorial misconduct is an extraordinary one. *See United States v. Soberon*, 929 F.2d 935, 939 (3d Cir. 1991) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988)). We have explained that "misstatements or mistakes alone... are not sufficient to warrant a finding of misconduct or to justify dismissal of an indictment." *United States v. Fisher*, 871 F.2d 444, 450 (3d Cir. 1989). To find prejudice, the district court must establish that "the violation substantially influenced the grand jury's decision to indict, or ... there is grave doubt

10

that the decision to indict was free from the substantial influence of such violations." *Soberon*, 929 F.2d at 939-40 (quoting *Bank of Nova Scotia*, 487 U.S. at 256 (internal quotations omitted)).

Based on a review of the grand jury transcript, we find that the District Court's denial of Smith's motion to dismiss the indictment was proper. In particular, we conclude that Agent Fyock's reference to Smith's invocation of his Fifth Amendment right to remain silent does not justify dismissal of the indictment. Such reference was made as a reasonable direct response to a grand juror's question asking whether Smith "ever admit[ted] to anything," and we conclude that the reference did not substantially influence the grand jury's decision to indict.

## VII. **CONCLUSION**

Based on the foregoing, we will **affirm** the judgments of the District Court.